| | | |
|---|---|---|
| **K.R.**, by and through his | : | |
| Parent, and legal guardian, **K.R**. | : | |
| 7715 Jarboe Street | : | |
| Kansas City, Missouri 64114 | : | |
| and | : | |
| **D.G.**, and by and through his | : | |
| Parent and legal guardian, **W.G**. | : | |
| 105 Carrie Court | : | |
| Lathrop, Missouri 64465 | : | |
| and | : | |
| **K.R**., by and through his | : | |
| Parent and legal guardian **S.R.** | : | |
| 802 NE Cedar Street | : | **MOTION FOR DECLARATORY** |
| Lee's Summit, Missouri 64086 | : | **JUDGMENT, TEMPORARY AND** |
| and | : | **PERMANENT INJUNCTION,** |
| **T.B**., by and through his | : | **FOR VIOLATION OF 42 U.S.C.** |
| Parent and legal guardian **W.B**. | : | **1983, FOR VIOLATION OF** |
| 1708 S. 39th Street | : | **THE UNITED STATES** |
| St. Joseph, Missouri 64507 | : | **CONSTITUTION AMENDMENTS** |
| and | : | **V AND XIV AND THE** |
| **D.B**., by and through his | : | **MISSOURI CONTITUTION** |
| Parent and legal guardian **T.B**. | : | **ARTICLE 1 SECTION 10, ARTICLE** |
| 3406 S. Crisp | : | **III, SECTION 40(4) and 40(6), and** |
| Independence, Missouri 64052 | : | **ARTICLE IX, SECTION 1(a)** |
| and | | |
| **B.G**., and by and through his | : | |
| Parent and legal guardian, **W.G**. | : | |
| 105 Carrie Court | : | |
| Lathrop, Missouri 64465 | : | |
| and | : | |
| **S.A.H**., by and through his | : | |
| Parent and legal guardian **S.H.** | : | |
| 1347 Arbor Bluff Circle | : | |
| Ballwin, Missouri 63021 | : | |

|  | : |
|---|---|
|  | : |
|  | : |
| Plaintiffs | : |
|  | : |
| v. | : |
|  | : |
| **Missouri Department of** | : |
| **Elementary and Secondary** | : |
| **Education** | : |
| 205 Jefferson Street | : |
| Jefferson City, Missouri 65102 | : |
| and | : |
| **State of Missouri** | : |
| 205 Jefferson Street | : |
| Jefferson City, Missouri 65102 | : |
| and | : |
| **Janet Baker**, hearing officer | : |
| 6750 W. 93rd Street, Suite 110 | : |
| Overland Park, Kansas 66212 | : |
| and | : |
| **Richard Ulrich**, hearing officer | : |
| 8909 Ladue Road | : |
| St. Louis, Missouri 63124 | : |
| and | : |
| **Pamela Wright**, hearing officer | : |
| 7751 Carondelet Ave., suite 401 | : |
| Clayton, Missouri 63105 | : |
|  | : |
| Defendants | : |

## Introduction

1. This action arises under the **Individuals with Disabilities and Education Act** [**IDEA**].

2. **IDEA** provides that all school age children with a recognized disability are

1

entitled to a **Free Appropriate Public Education [ FAPE ]**.

3. The "**Free Appropriate Public Education**" required by the Act is one that is tailored to the unique needs of the handicapped child by means of the Individualized Educational Program [IEP ].

4. The IEP must encapsulate a program that offers the child a **Free Appropriate Public Education** [**FAPE**] as defined by the Act and interpreted by the Courts.

5. The specific content requirements for the IEP are delineated in **34 C.F.R. Section 300.346** and **20 U. S. C. 1414(d)**.

6. **20 U.S.C. Section 1414(d)** provides that special education services are to be provided in conformity with the IEP.

7. Congress noted that "the implementation of this title has been impeded by low expectations, and insufficient focus on applying replicable research on proven methods of teaching and learning for children with disabilities." **2005 Amendments**, **Subpart 4 General Provisions, Findings of Congress Section ( c )(4)**.

8. **IDEA** imposes extensive procedural protections for parents of handicapped children including their right to request a due process hearing.

9 Parents of disabled children that contend that a school has not provided a

2

**Free Appropriate Public Education** may initiate a due process hearing against the local educational agency [ LEA, the School] by filing a due process complaint with the Missouri Department of Elementary and Secondary Education [ DESE ] pursuant to **20 U.S.C. Section 1415** and **Section 162.961 RSMo**.

10. All Plaintiffs are parents of children with a disability entitled to special education services under **IDEA** and have initiated a due process request on behalf of themselves and their disabled students pursuant to **20 U.S.C. Section 1415** and **Section 162.961 RSMo**.

11. Any party dissatisfied with the decision rendered in the state administrative proceedings is an aggrieved party under the Act and may bring an action in federal court. **20 U.S.C. Section 1415(e)**.

12. At all times relevant hereto, the Plaintiff Parents, on behalf of themselves and their disabled children qualified for and were in need of special education services and entitled to a **Free Appropriate Public Education**.

13. At all times relevant hereto, the Plaintiff Parents, on behalf of themselves and their disabled children initiated due process complaints alleging that the respective schools failed to provide their child a **Free Appropriate Public Education**.

14. DESE is legally responsible for the acts and omissions of all state educational agencies that are its subcontractors for purposes of administering **IDEA** in Missouri.

15. DESE is legally responsible for the acts and omissions of all independent subcontractors who are hired by the state for purposes of administering **IDEA** in Missouri.

16. In particular, DESE directly oversees and directs the independent subcontractors that are contracted by the State to be hearing officers in due process complaints brought by Parents of disabled students pursuant to rights guaranteed them by **IDEA**.

17. DESE promulgates the regulations for the hearing officers who are charged with the responsibility of conducting the due process hearings. In order to maintain their contracts with DESE, the hearing officers must also conform their practices to the regulations DESE promulgates.

18. In Missouri, **IDEA** is set forth and enforced in pertinent part pursuant to Missouri **IDEA**, Plan B.

19. Plan B includes the following language:

Pre-Hearing Conference

The Chairperson has the following duties at a pre-hearing conference:

4

A. Establish the management, control, and location of the hearing to ensure that the hearing will be fair and efficient including, but not limited to:

Determination of the amount of time parties will have to present their cases by balancing the due process rights of the parties with the need for administrative efficiency and limited public resources. In general, ***hearings should be no longer than two (2) days***; ( emphasis added).

20. Further Plan B provides:

Discovery

There are no written interrogatories or requests for document production permitted.

21. Further Plan B provides:

Hearing Procedures

B. Length of Presentation

The Chairperson may limit the length of any presentation in order to proceed with the hearing in an expeditious manner. In general, ***a hearing should last no longer than two (2) days.*** Any hearing exceeding two (2) days requires good cause to be shown and must be documented on the record. ( emphasis added).

22. DESE engineered the passage of the law in Missouri to incorporate these trial guidelines so that this is now the law in Missouri and included in regulations set forth in Missouri as **IDEA** Plan B.

23. DESE has rigorously enforced this provision since its inception,

dismissing or otherwise not renewing independent hearing officer contractors

who do not strictly follow this DESE guidelines and/or regulation relating to

the length of an administrative hearing.

5

24. DESE collected no data, did no research, and conducted no scientific evaluations in determining that absent good cause, trials should be restricted to 2 days regardless of its nuances or complexities.

25. DESE's primary basis for restricting the length of a trial was to reduce its costs without regard to the due process rights of the Plaintiff Parents and their disabled children.

26. DESE's actions in promulgating this regulation and in thereafter rigorously enforcing the provisions set forth herein was arbitrary and capricious and without any rational basis.

27. No other Missouri law or any other state has imposed uniform or arbitrary limits on the length of an **IDEA** related trial without regard to the merits of the case.

28. No other Missouri law or any other state has imposed uniform limits on the length of an **IDEA** related trial by balancing the due process rights of its disabled students against the administrative cost to the State.

29. The effect of such artificial trial limitations has been to drastically reduce the length of all **IDEA** trials in Missouri.

30. The restriction on the presentation of evidence has an unequal effect on the litigants, imposing greater hardship on the party bearing the burden of proof.

6

31. In **IDEA** cases, the party challenging the adequacy of the IEP has the burden of proof. In virtually all cases, the parents have the burden of proof because the parents are challenging the adequacy of the IEP.

32. **Amendment V** of the United States Constitution provides: ". . .nor shall any person be. . .deprived of life, liberty, or property, without due process of law."

33. **Amendment XIV** of the United States Constitution provides: ". . .*No State shall* make or *enforce any law which shall abridge the privileges and immunities of Citizens of the United States*; nor shall any State deprive any person of life, liberty, or property *without due process of law*; *nor deny any person within its jurisdiction the equal protections of the laws*."

34. **Article IV Section 1** of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the Public Acts, records. . .of every other State."

35. **Article IV Section 2** of the United States Constitution provides: "The Citizens of each State shall be entitled to all Privileges and Immunities in the several States."

36. **42 USC §1983** provides:

*Every person who under color of any statute*, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, *subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights*, privileges, or immunities secured by the Constitution and laws, *shall be liable to the party injured in an action at law*. .

37. **42 U.S.C. §12132** provides:

No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or

7

be subject to discrimination by such entity.

38. **28 C. F. R. §35.130 (b)(1)(ii)(iii),** one of the federal regulations implementing **Title II** provides in pertinent part:

A public entity, in providing any aid, benefit or service, may not, directly or through contractual arrangements, on the basis of Disability. . .
(ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit or service that is not equal to that afforded others;
(iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others.

39. All plaintiffs are Parents of qualified individuals with a disability within the meaning **42 U.S.C. §12132**.

40. DESE is a public entity within the meaning of **42 U.S.C. §12132**.

41. **42 U.S.C. §794(a)** [**Section 504** of the **Rehabilitation Act** ] provides:

No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.

42. **28 C.F.R. §41.51**, one of the **Rehabilitation Act**'s implementing federal regulations, provides in pertinent part:

(a) No qualified handicapped person, shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity that receives or benefits from federal financial assistance.
(b)(1) A recipient [of federal financial assistance] in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of handicap:

8

(i) Deny a qualified handicapped person the opportunity to
participate in or benefit from the aid, benefit, or service;
(ii) Afford a qualified handicapped person an opportunity to
participate in or benefit from the aid, benefit, or service that is not
equal to that afforded others;
(iii) Provide a qualified handicapped person with an aid, benefit,
or service that is not as effective in affording equal opportunity to
obtain the same result, to gain the same benefit, or to reach the same
level of achievement as that provided to others. . .

43. All plaintiffs are Parents of qualified individuals with a disability within the meaning of **42 U.S.C. §794(a)**.

44. DESE is a public entity within the meaning of **42 U.S.C. §794(a)**.

45. The **Missouri Constitution, Article I**, **Section 10** , **Bill of Rights**, provides:
That no person shall be deprived of life, liberty or property without due process of law.

46. **Missouri Constitution, Article III**, **Section 40** provides:

The general assembly shall not pass any local or special law:

**(4)** regulating the practice. . .in any judicial proceeding. . .or other tribunal. . .

**(6)** for limitations of civil actions;

47. **Missouri Constitution, Article IX**, **Section 1(a)** provides:

A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the instruction of all persons in this state. . .

**Parties**

9

48. All Plaintiffs are students or Parents of students with a disability entitled to special education services under **IDEA** and as defined by **20 U.S.C. Section 1401**.

49. All Plaintiffs have had evidence they were permitted to present in due process hearing arbitrarily restricted pursuant to the foregoing sections or have a pending matter scheduled for a trial that is going to restricted by the foregoing .provisions.

50. Defendant, DESE, is the authorized state agency charged with the responsibility of ensuring that the State comply with the mandates of **IDEA**.

51. Defendant, State of Missouri, has enacted the challenged statutory provisions restricting **IDEA** trials to 2 days.

52. Defendant Pam Wright is a hearing officer who arbitrarily and without justification or explanation, and over objection, restricted the rights of the Parents' presentation of evidence pursuant to the foregoing sections and has indicated an intention to continue to do so in cases now pending trial before her.

53. Defendant Janet Baker is a hearing officer who arbitrarily and without justification or explanation, and over objection, restricted the rights of the Parents' presentation of evidence and has indicated an intention to continue to do so in cases now pending trial before her.

10

54. Defendant Richard Ulrich is a hearing officer who arbitrarily and without justification or explanation, and over objection, restricted the rights of the Parents' presentation of evidence and has indicated an intention to continue to do so in cases now pending trial before him.

55. Prior to the passage of the instant legislation, Defendant Ulrich and Defendant Baker both conducted numerous due process hearings. No previously conducted and contested hearings were ever completed within two days time.

## Jurisdiction

56. Jurisdiction is conferred on this Court by **20 U.S.C. Section 1415** which provides this Court with jurisdiction over any action brought pursuant to this section without regard to the amount in controversy.

57. Jurisdiction is also conferred on this Court by **28 U.S.C. Section 1331** which authorizes federal courts to adjudicate disputes arising under the Constitution and the laws of the United States.

58. Jurisdiction is further conferred on this Court pursuant to **28 U.S.C. 2201** and **2202** which authorizes this Court to provide Declaratory relief when appropriate.

59. In addition to these jurisdictional provisions, any party dissatisfied with the decisions rendered in the state administrative proceedings is an aggrieved

party under the **IDEA** and may bring an action in federal or state court. **20 U.S.C. Section 1415(e)**.

## Venue

60. Venue is proper in the Western District of Missouri in that a substantial part of the events or omissions giving rise to this action occurred in this District.

61. Venue is also proper in the Western District of Missouri, Central Division, in that the claims for relief primarily arise in this District and venue is proper in the Central division under **Local Rule 3.2 (b)** in that the critical Defendants reside in this Division and the ultimate relief sought arises from relief sought against the Defendants that reside in the Central Division.

## Claims for Relief

## Count 1 Declaratory Judgment

62. Plaintiff Parents incorporate herein by reference thereto allegations 1 through 61.

63. Plaintiff Parents request that this Court enter an order declaring that the Missouri Plan B provision limiting the presentation of evidence to 2 days is arbitrary and capricious and violates the due process clause set forth in **Amendments V** and **XIV** of the United States Constitution and the corresponding provision in the Missouri Constitution.

## Count 2 Declaratory Judgment

64. Plaintiff Parents incorporate herein by reference thereto allegations 1 through 63.

65. Plaintiff Parents request that this Court enter an order declaring that the Missouri Plan B provision limiting the presentation of evidence to 2 days is arbitrary and capricious and violates the equal protection clause set forth in **Amendment XIV** of the United States Constitution and the corresponding provision in the Missouri Constitution.

## Count 3 Declaratory Judgment

66. Plaintiff Parents incorporate herein by reference thereto allegations 1 through 65.

67. Plaintiff Parents request that this Court enter an order declaring that the Missouri Plan B provision limiting the presentation of evidence to 2 days violates **42 USC §1983** which prohibits any person who under color of any statute *subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights*, privileges, or immunities secured by the Constitution.

## Count 4 Declaratory Judgment

68. Plaintiff Parents incorporate herein by reference thereto allegations 1 through 67.

69. Plaintiff Parents request that this Court enter an order declaring that the Missouri Plan B provision limiting the presentation of evidence to 2 days violates **42 U.S.C. §12132** in that it denies the right to a trial without the imposition of uniform and arbitrary time limitations as a direct result of Plaintiffs' handicapping condition and in doing so discriminates against this class of citizens based entirely and exclusively upon their disability. No other non disabled citizen has arbitrary trial limitations imposed upon them.

## Count 5 Declaratory Judgment

70. Plaintiff Parents incorporate herein by reference thereto allegations 1 through 69.

71. Plaintiff Parents request that this Court enter an order declaring that the Missouri Plan B provision limiting the presentation of evidence to 2 days violates **42 U.S.C. §794(a)** [**Section 504** of the **Rehabilitation Act**] and **28 C.F.R. §41.51** in that it denies the right to a trial without the imposition of uniform and arbitrary time limitations as a direct result of Plaintiffs' handicapping condition and in doing so discriminates against this class of citizens based entirely and exclusively upon their disability. No other non disabled citizen has arbitrary trial limitations imposed upon them.

## Count 6 Injunctive Relief

72. Plaintiff Parents incorporate herein by reference thereto allegations 1

through 71.

73. As a direct and proximate cause of the enactment and enforcement of the challenged regulations, the Plaintiffs have suffered, are suffering, and unless appropriate relief is afforded them in this case, will continue to suffer substantial and irreparable injury, including discriminatory treatment, violation of rights guaranteed them by the due process clause in the United States Constitution and the Missouri Constitution, the equal protections of the law and the Rehabilitation Act all because Plaintiffs have a disability. Such injury being irreparable and for which there is no other adequate remedy at law.

Wherefore Plaintiffs pray for an order from this Court:

1. Declaring the regulations that arbitrarily restricts **IDEA** trials to 2 days in length unconstitutional.

2. Declaring unconstitutional the right of the State to balance its administrative costs against the Plaintiffs right to due process of law.

3. Declaring the regulations which arbitrarily restricts the length of trials to 2 days denies Plaintiffs due process of law, the equal protections of the law, is discriminatory under Title II of ADA and Section 504 of the Rehabilitation Act, and is an unauthorized and unconstitutional exercise of executive power.

4. Enjoining the Defendants from maintaining the existing regulations or

formulating alternative policies that infringe upon the disabled student's right to due process of law or otherwise limit their right to a trial in contradiction of rights guaranteed them under the United States or Missouri Constitutions or otherwise prohibit discriminatory practices under the ADA or the RA.

5. Awarding Plaintiffs reasonable attorney fees.

6. Affording Plaintiffs any and all other relief warranted under the circumstances and as this Court deems appropriate.

Respectfully Submitted,

/s/Stephen Walker
Stephen Walker
Missouri Bar No. 53581
1304 North Redwood Road, Suite 121
Saratoga Springs, Utah 84045
(216) 360-9200
stphnwalkeratty@aol.com
