**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| K.R., by and through his parent and legal guardian, K.R., et. al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:11-cv-04042-DGK |
| MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, et. al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING TEMPORARY RESTRAINING ORDER

This case arises out of allegations that the State of Missouri has arbitrarily limited the amount of time parents of children with a disability will be given to present their case in an administrative hearing concerning the child's entitlement to special education services.

Pending before the Court is Plaintiffs' Motion for Temporary Restraining Order (doc. 6) brought pursuant to Federal Rule of Civil Procedure 65(b). After reviewing the Complaint (doc. 1), Plaintiff's Motion for a Preliminary Injunction (doc. 3), and Plaintiff's Suggestions in Support of the preliminary injunction motion (doc. 4), the Court finds Plaintiffs have not established that they will suffer an immediate and irreparable injury before the Defendants can be heard, therefore the motion is DENIED.

Rule 65(b) provides that,

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys *only if*:  (A) specific facts in an affidavit or a verified complaint *clearly show* that *immediate and irreparable injury*, loss, or damage will result to the movant before the adverse party can be heard in opposition . . .

(emphasis added).  In determining whether to grant a temporary restraining order the Court considers (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest.  *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007); *Dataphase Systems, Inc. v. C.L. Systems*, Inc., 640 F.2d 109 (8th Cir. 1981) (en banc).  No single factor is determinative, they must be "balanced to determine whether they tilt towards or away" from granting the injunction.  *Noodles Dev., LP. v. Ninth Street Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007).  An injunction is an extraordinary remedy and the movant bears the burden of establishing the need for such relief. *Id*.

As a threshold matter the Court finds that Plaintiffs have not presented specific facts in an affidavit or a verified complaint that clearly show they will suffer an immediate and irreparable injury if a temporary restraining order is not issued.  Plaintiffs state that their "trials" (which are administrative hearings) are "pending," and that they require an order either enjoining Defendants from restricting the length of these hearings to two days, or requiring that the hearings be rescheduled to some later time.  But Plaintiffs do not state when these "pending" hearings are scheduled to take place; it may be two days, two months, or two years from now, thus there is no risk of an *immediate* injury here.  Likewise the record does not suggest Plaintiffs will suffer an *irreparable* injury.  If Defendants were to provide a hearing that did not comport with the requirements of due process, the Court could simply order a new hearing and require Defendants to pay Plaintiffs' reasonable attorneys' fees incurred in the previous hearing. Consequently the Rule 65(b) requirements are not met here, and Plaintiff's motion for a temporary restraining order (doc. 6) must be denied.

Because the Rule 65(b) prerequisites are not met here the Court will not consider at the present time whether the *Dataphase Systems* factors weigh in favor of granting or denying injunctive relief. The Court anticipates addressing these issues once Defendants have had an opportunity to appear and be heard.

**IT IS SO ORDERED.**

Date:   February 9, 2011                 \_\_\_/s/ Greg Kays_____
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT