# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| K.R., by and through his parent and legal guardian, K.R., et. al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:11-cv-04042-DGK |
| MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, et. al., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER DENYING TEMPORARY RESTRAINING ORDER

This case arises out of allegations that the State of Missouri has arbitrarily limited the amount of time parents of disabled children are given to present their case in an administrative hearing concerning their child's entitlement to special education services.

Pending before the Court is Plaintiffs' Amended Motion for Temporary Restraining Order (doc. 8). As noted in the Court's previous order (doc. 7) denying the initial motion, Rule 65(b) provides that

> [t]e court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys *only if*: (A) specific facts in an affidavit or a verified complaint *clearly show* that immediate and *irreparable injury*, loss, or damage will result to the movant before the adverse party can be heard in opposition . . .

(emphasis added). Although Plaintiffs have addressed a defect in the initial motion by specifying when some of the hearings will take place (the first is currently scheduled for February 22, 2011), Plaintiffs have still not established that they will suffer an *irreparable* injury if the hearings are allowed to go forward. As the Court noted earlier, if Defendants were to provide a hearing that did not provide due process, the Court could simply order Defendants to

(1) provide a new hearing and (2) reimburse Plaintiffs their reasonable attorneys' fees incurred at the initial hearing, thus there is no danger of an irreparable injury here.

Because the Rule 65(b) prerequisites are not met, Plaintiffs' Amended Motion for a Temporary Restraining Order (doc. 8) is DENIED. Of course, Plaintiffs' preliminary injunction motion is still pending before the Court.

**IT IS SO ORDERED.**

Date:   February 11, 2011                         /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT