# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| K.R., by and through his parent and legal guardian, K.R., et. al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:11-cv-04042-DGK |
| MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, et. al., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This case arises out of allegations that the Missouri Department of Elementary and Secondary Education is arbitrarily limiting the amount of time litigants are able to present evidence in administrative hearings held pursuant to the Individuals with Disabilities and Education Act of 1997 ("IDEA"), 20 U.S.C. § 1400 *et. seq.* The Department's regulation provides that in general a hearing should last no longer than two days, and that to receive a hearing longer than two days, a litigant must document good cause on the record. Plaintiffs have filed a section 1983 lawsuit challenging the validity of this regulation.

Pending before the Court is Plaintiffs' Motion For a Preliminary Injunction (doc. 3) and Defendants' Motion to Dismiss (doc. 15). Finding that there is an ongoing state proceeding which implicates important state interests, and that there is an adequate opportunity for Plaintiffs to raise their concerns in the state proceeding, the Court must abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The motion to dismiss is GRANTED, and this case is dismissed without prejudice. The motion for a preliminary injunction is DENIED AS MOOT.

## Factual Background

The following background on the IDEA is helpful and is drawn from a district court case presenting a similar issue, *Does v. Mills*, No. 04 Civ. 2919(RWS), 2005 WL 900620 (S.D.N.Y. April 18, 2005).

> In 1975, Congress passed the Education for All Handicapped Children Act. The Act was passed based on findings that the special-education needs of over half of the children in the United States with disabilities were not being fully met. Specifically, Congress found that one million children with disabilities were entirely excluded from the public school system while others were allowed to participate but did not realize the full benefits of an education because their disabilities went undetected. Thus, by mandating a Free Appropriate Public Education ("FAPE") for all students with disabilities in the Least Restrictive Environment ("LRE") possible, Congress effectively required schools to fully incorporate students with disabilities into the public education system. The landmark legislation also gave students with disabilities and their parents unprecedented due process rights. The law included a requirement that school officials and parents jointly design an Individualized Education Program ("IEP") for each student requiring special-education. Since 1975, Congress has amended the statute several times.

Id. at *1-2 (quoting Allan G. Osborne, Jr., Discipline of Special-Education Students under the Individuals with Disabilities Education Act, 9 Fordham Urb. L.J. 513, 513-14 (2001)). The 1990 amendments gave the law a new name: the Individuals with Disabilities Education Act ("IDEA").

> To qualify for federal funding provided pursuant to the IDEA statute, a state must demonstrate that it has policies and procedures in place to ensure that: (1) each child with disabilities is provided with a FAPE pursuant to an IEP, and (2) that the parents of such children are provided with opportunities both for mediation and for an impartial hearing on "complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of" a FAPE.
>
> The IDEA statute provides parents with the following rights with respect to any impartial hearing concerning the identification,

> evaluation, or educational placement of a child with disabilities: (1) to "be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities;" (2) to "present evidence and confront, cross-examine, and compel the attendance of witnesses;" and (3) to have a hearing record and to receive written findings of fact and a decision. The IDEA is silent as to whether parents are entitled to attorney argument, extensions of time, hearings of particular or unlimited length, or unfettered discretion by the Impartial Hearing Officer ("IHO") with respect to the extension of deadlines and time limits.
>
> A parent "aggrieved" by an IHO decision may appeal to a second administrative level if available. Upon exhaustion of administrative review, an appeal may be made to a state or federal court. Failure to exhaust administrative remedies under the IDEA prior to making such an appeal deprives a court of subject matter jurisdiction.
>
> Regulations promulgated pursuant to the IDEA require that each State Education Authority ("SEA") periodically certify its compliance with the IDEA. Such regulations also incorporate the IDEA's recognition of parents' rights to be heard at an impartial hearing. These regulations also provide that hearings should be held "at a time and place that is reasonably convenient to the parents and child involved." Finally, the regulations provide that the SEA shall ensure that a final decision is reached on a parental complaint no more than 45 days after receipt of a hearing request. An IHO "may grant specific extensions of time beyond [the 45 days] at the request of either party."

*Id.* at 2 (citations omitted).

Plaintiffs allege that their respective schools in Missouri have failed to provide them with a FAPE, and they have sought hearings on their complaints. The Missouri Department of Elementary and Secondary Education has issued regulations governing these hearings. In relevant part these regulations provide that

> The Chairperson may limit the length of any presentation in order to proceed with the hearing in an expeditious manner. In general, a hearing should last no longer than two (2) days. Any hearing exceeding two (2) days requires good cause to be shown and must be documented on the record.

3

Mo. Dept. of Elementary & Secondary Educ., Missouri State Plan for Special Education Regulations Implementing Part B of the Individuals with Disabilities Education Act, Regulation V, at 73 (2010) http://dese.mo.gov/divspeced/stateplan/documents/Regulation_V_2010.pdf (incorporated by reference by Mo. Code Regs. tit. 7 § 70-742.140 (2010)).

In early February Plaintiffs' counsel submitted an affidavit to the Court stating that the hearing in K.R.'s case was scheduled for February 22, 2011; the hearing in D.B.'s case was scheduled for March 7, 2011; and the hearing in S.A.H.'s case was scheduled for April 11, 2011. The Court infers from this that the hearings have either been held or have been rescheduled to a later date, thus the state proceedings are ongoing.

## Discussion

Defendants argue that the Court should abstain from hearing this case under both the *Younger* and *Burford* abstention doctrines, and alternately that the case should be dismissed for failure to state a claim. Finding that the Court should abstain under *Younger*, the Court does not address any of the remaining arguments.

Under the *Younger* abstention doctrine "federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). The doctrine applies to ongoing state administrative proceedings, "so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claims." *Ohio Civil Rights Comm'n v. Dayton Christian School*, 477 U.S. 619, 627 (1986). In the present case there is an ongoing state proceeding, the hearings on the childrens' complaints, which implicate an important state interest, the state's interest in public education, access to federal funding, and

4

state efforts to assure compliance with federal regulations. There is also an adequate opportunity for plaintiffs to raise any federal questions in the state proceeding, because the Plaintiffs are entitled to an appeal to a state or federal court under 20 U.S.C. § 1415(i)(2)(A), and the Eighth Circuit has previously held that it is sufficient if the "constitutional claims can be raised in state court judicial review of the administrative proceedings." *Alleghany Corp. v. Pomeroy*, 898 F.2d 1314, 1316 n.5 (8th Cir. 1990.) Because Plaintiffs have an adequate opportunity to raise their concerns regarding the presumptive time limits in the ongoing administrative hearings and a state court appeal of those hearings, *Younger* abstention is appropriate. *Does*, 2005 WL 900620, at * 5-6 (abstaining from hearing § 1983 lawsuit challenging state education department regulation limiting plaintiffs to one day to present their case unless the hearing officer determines additional time is necessary).

## Conclusion

Defendants' Motion to Dismiss (doc. 15) is GRANTED, and Plaintiffs' Motion For a Preliminary Injunction (doc. 3) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   June 28, 2011                                   /s/ Greg Kays
                                                        GREG KAYS, JUDGE
                                                        UNITED STATES DISTRICT COURT